IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cr-30114-SMY |
| | ) |
| FONTEZ LAMONT COMBS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Fontez Lamont Combs pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin and cocaine (Count 1). He was sentenced to 264 months' imprisonment on April 22, 2018 (Doc. 135). Now pending before the Court is Combs' motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 215). The Government opposes the motion (Doc. 219).

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Combs' total offense level at sentencing was 35 and his criminal history category was IV. His advisory guideline range was 240-293 months imprisonment because Combs' offense of conviction mandated a statutory minimum sentence of 240 months. Under Amendment 821, Combs' criminal history category is III. However, the Guidelines sentence remains the same because his offense of conviction carries a statutory mandatory minimum sentence of 240 months, resulting in a sentencing range of 240-262 months' imprisonment. "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b).

Accordingly, Combs is not eligible for a sentence reduction, and his motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 14, 2024**

**STACI M. YANDLE**
**United States District Judge**