IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cr-30114-SMY |
| | ) |
| FONTEZ LAMONT COMBS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Fontez Lamont Combs pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin and cocaine (Count 1). He was sentenced to 264 months' imprisonment on April 22, 2018 (Doc. 135). Combs' moved for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 215). The Court denied the motion, finding Combs was ineligible to a reduction due to the statutory minimum sentence (Doc. 222). Now pending before the Court is Combs' second motion for sentence reduction (Doc. 227), which the Court construes as a motion for reconsideration.

Motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). They serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments." *Id.*

Combs acknowledges the mandatory minimum applicable to his sentence and maintains that he is entitled to a reduction in his sentence from 264 months to 240 months. This is the same argument made in his motion for reduction and rejected by the Court. Accordingly, Combs' motion (Doc. 227) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 9, 2024**

**STACI M. YANDLE**
**United States District Judge**