**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cr-30114-SMY |
| ) | |
| FONTEZ LAMONT COMBS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**YANDLE, Chief District Judge:**

Defendant Fontez Lamont Combs pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin and cocaine (Count 1).  He was sentenced to 264 months' imprisonment on April 22, 2018 (Doc. 135).  He is currently housed at Atlanta FCI, and his projected release date is June 16, 2036.  Now pending before the Court is Combs' Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 238).

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(1).   Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b).  Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release.  *United States*

*v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Combs asserts that considering intervening changes in the law, he would not have received certain enhancements to his sentence and would not have been subjected to mandatory minimum.  Non-retroactive changes in sentencing laws are not grounds for compassionate release.  *See United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021) (non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)).  *Thacker's* holding has been cited and relied upon in numerous subsequent opinions, including those cases encompassing new judicial determinations and new statutory changes.  *See, e.g.*, *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction."); *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022).  *Brock* explained that the "reasoning underpinning our decisions in *Thacker*," "forecloses [Brock's] use of the compassionate release statute to pursue [a lower sentence] based on what he sees as the change in law" announced in caselaw.  *Brock*, 39 F.4 at 464–465.

*Thacker* and its progeny require this Court to hold that § 1B1.13(b)(6) is not controlling.  A post-sentencing change in the law does not constitute an extraordinary and compelling reason for release; there must be some other independent "extraordinary and compelling" reason for a sentence reduction.  Here, there are none.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 238) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  February 18, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**